## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEED COMPANY LIMITED<br>3-5-25 Uchindai-cho Miyakojima-ku<br>Osaka, Japan 534-0013, <br><br>SHIGERU TAMAI<br>2-1-33 Asahigaoka, Ikeda-shi<br>Osaka, Japan 563-0022, <br><br>    **Plaintiffs,**<br><br>**v.**<br><br>WILLIAM F. WESTERMAN<br>10409 Shepherds Crook Court, # C<br>Potomac, MD 20854-1902<br><br>SERVE:  Mark London, Esquire<br>London & Mead<br>1225 19th Street, N.W., Suite 320<br>Washington, D.C.  20036<br><br>WESTERMAN, HATTORI, DANIELS &<br>ADRIAN, LLP,<br>1250 Connecticut Avenue, N.W., Suite 700<br>Washington, D.C. 20036<br><br>SERVE:  Mark London, Esquire<br>London & Mead<br>1225 19th Street, N.W., Suite 320<br>Washington, D.C.  20036<br><br>KRATZ, QUINTOS & HANSON, LLP<br>1420 K Street, N.W., Suite 400<br>Washington, D.C. 20005<br><br>SERVE:  Don Hanson, Esquire<br>Kratz, Quintos & Hanson, LLP<br>1420 K Street, N.W., Suite 400<br>Washington, D.C. 20005 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) <br><br>**CASE NUMBER:** _____<br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br>Case: 1:08-cv-00355<br>Assigned To : Urbina, Ricardo M.<br>Assign. Date : 2/28/2008<br>Description: General Civil |

ARMSTRONG, KRATZ, QUINTOS,        )
HANSON & BROOKS, LLP,             )
1420 K Street, N.W., Suite 400    )
Washington, D.C. 20005            )
                                  )
SERVE:  Don Hanson, Esquire       )
Kratz, Quintos & Hanson, LLP      )
1420 K Street, N.W., Suite 400    )
Washington, D.C. 20005            )
                                  )
ARMSTRONG, WESTERMAN &            )
HATTORI, LLP                      )
1420 K Street, N.W., Suite 400    )
Washington, D.C. 20005            )
                                  )
SERVE:  Don Hanson, Esquire       )
Kratz, Quintos & Hanson, LLP      )
1420 K Street, N.W., Suite 400    )
Washington, D.C. 20005            )
                                  )
ARMSTRONG, WESTERMAN, HATTORI,    )
McLELAND & NAUGHTON, LLP          )
1420 K Street, N.W., Suite 400    )
Washington, D.C. 20005            )
                                  )
SERVE:  Don Hanson, Esquire       )
Kratz, Quintos & Hanson, LLP      )
1420 K Street, N.W., Suite 400    )
Washington, D.C. 20005            )
                                  )
JOHN KONG                         )
10301 Grosvenor Place, Apt. 2101  )
Rockville, MD 20852-4692          )
                                  )
SERVE:  Mark London, Esquire      )
London & Mead                     )
1225 19th Street, N.W., Suite 320 )
Washington, D.C.  20036           )
                                  )
ED KENEHAN                        )
14405 Cervantes Avenue            )
Germantown, MD 20874-3356         )
                                  )
                                  )
                                  )
                                  )
                                  )

| | |
|---|---|
| SERVE:  Mark London, Esquire | ) |
| London & Mead | ) |
| 1225 19th Street, N.W., Suite 320 | ) |
| Washington, D.C.  20036 | ) |
| | ) |
| JAMES ARMSTRONG, III (deceased) | ) |
| Coggins, Harman & Hewitt | ) |
| 8905 Fairview Road, Suite 600 | ) |
| Silver Spring, MD 20910 | ) |
| | ) |
| SERVE:  John H. Harman, Esquire | ) |
| Coggins, Harman & Hewitt | ) |
| 8905 Fairview Road, Suite 600 | ) |
| Silver Spring, MD 20910 | ) |
| Personal representative of the Estate of James | ) |
| Armstrong, III | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT FOR LEGAL MALPRACTICE

Plaintiffs Seed Co. Ltd. ("Seed") and Shigeru Tamai ("Tamai"), for their complaint

against the above-listed defendants, allege and pray as follows:

## NATURE OF THE ACTION

1.      This is an action for professional legal malpractice by the above-listed defendants

during their litigation of Patent Interference No. 103,662 (the "Interference") before the Board of

Patent Appeals and Interferences (the "Board") of the United States Patent and Trademark Office

("USPTO"), and during the appeal of the Board's ruling in the Interference to the United States

Court of Appeals for the Federal Circuit.

## THE PARTIES

2.      Plaintiff Seed is a limited liability company, organized and existing under the

laws of Japan, with offices in Osaka, Japan.  Seed is in the business of the design, development,

manufacture and distribution of office and stationary supplies such as plastic erasers, rubber

erasers and correction tape; and in the business of licensing others to market and sell its products

-3-

in Japan, Europe, and the United States, including this judicial district. Seed is the owner by assignment of all Seed patent applications referred to herein.

3.    Plaintiff Shigeru Tamai is an individual who resides in Osaka, Japan. Mr. Tamai is the inventor of the subject matter claimed in all Seed patent applications referred to herein.

4.    Kratz, Quintos & Hanson, LLP (including all predecessor firms, by whatever name, dating from March 13, 1993) is a limited liability partnership that, on information and belief, is organized and existing under the laws the District of Columbia, and is engaged in the business of providing legal services, including patent prosecution, in the United States, including this judicial district. Kratz, Quintos & Hanson, LLP is the successor of Armstrong, Kratz, Quintos, Hanson & Brooks, LLP, which in turn, is the successor of Armstrong, Westerman & Hattori, LLP, which is a successor of Armstrong, Westerman, Hattori, McLeland & Naughton, LLP, which were all limited liability partnerships that, on information and belief, were organized and existed under the laws the District of Columbia, and were engaged in the business of providing legal services, including patent prosecution, in the United States, including this judicial district. Armstrong, Westerman, Hattori, McLeland & Naughton, LLP was originally engaged by Seed to prosecute patent applications and to litigate the Interference. Kratz, Quintos & Hanson, LLP; Armstrong, Kratz, Quintos, Hanson & Brooks, LLP; Armstrong, Westerman & Hattori, LLP; Armstrong, Westerman, Hattori, McLeland & Naughton, LLP, and any and all other predecessor or successor firms of any of the foregoing firms, by whatever name, dating from March 13, 1993, to the present, are referred to collectively herein as "the Kratz firm."

5.    Westerman, Hattori, Daniels & Adrian, LLP ("the Westerman firm") is a limited liability partnership that, on information and belief, is organized and existing under the laws of the District of Columbia and is engaged in the business of providing legal services, including

patent prosecution, in the United States, including this judicial district. The Westerman firm was engaged by Seed to prosecute patent applications and to litigate the Interference.

6.      William F. Westerman, Esq., is an individual who, on information and belief, resides in Washington, D.C., and is engaged in the business of providing legal services, including patent prosecution, in the United States, including this judicial district. Mr. Westerman was engaged by Seed to prosecute patent applications and to litigate the Interference while an attorney at Armstrong, Westerman, Hattori, McLeland & Naughton, LLP; at Armstrong, Westerman & Hattori, LLP; and subsequently at the Westerman firm.

7.      James Armstrong, III, Esq., was an individual who, on information and belief, resided in the State of Maryland and was engaged in the business of providing legal services, including patent prosecution, in the United States, including this judicial district. Mr. Armstrong was engaged by Seed to prosecute patent applications and to litigate the Interference while an attorney at Armstrong, Westerman, Hattori, McLeland & Naughton, LLP; at Armstrong, Westerman & Hattori, LLP; and at Armstrong, Kratz, Quintos, Hanson & Brooks, LLP. Defendant John Harmon, Esq. it the personal representative of Mr. Armstrong's estate.

8.      Ed Kenehan, Esq., is an individual who, on information and belief, resides in the State of Virginia and is engaged in the business of providing legal services, including patent prosecution, in the United States, including this judicial district. Mr. Kenehan was engaged by Seed to prosecute patent applications and to litigate the Interference while an attorney at the Westerman firm.

9.      John Kong, Esq., is an individual who, on information and belief, resides in Washington, D.C. and is engaged in the business of providing legal services, including patent prosecution, in the United States, including this judicial district. Mr. Kong was engaged by Seed

to prosecute patent applications and to litigate the Interference while an attorney at Armstrong, Westerman, Hattori, McLeland & Naughton, LLP; at Armstrong, Westerman & Hattori, LLP; and subsequently at the Westerman firm.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332 since the plaintiffs in this action are citizens of a foreign state, the defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.    This Court has personal jurisdiction over the parties, and venue in this Judicial District is proper under 28 U.S.C. §§ 1391(b) and (c), because one or more of the defendants resides in this Judicial District, a substantial part of the events or omissions giving rise to Seed's claim occurred in this Judicial District, and at all relevant times the defendants conducted business in this Judicial District.

12.    The parties stipulated, in Tolling Agreements dated May 3, 2007, and May 10, 2007, to venue in the Superior Court of the District of Columbia. Subsequent to the execution of the Tolling Agreements, the Federal Circuit ruled in two cases that federal courts, pursuant to 28 U.S.C. § 1338, have exclusive jurisdiction over at least some types of legal malpractice cases involving issues of patent law. Solely to avoid any possible statute of limitations issues, Plaintiffs have filed, concurrently with this action, a similar action in the Superior Court of the District of Columbia.

## FACTS

13.    On July 31, 1991, Seed filed Japanese Patent Application No. 3-68371 ("JP '371 application"). The JP '371 application was filed in the Japanese language.

14.    On July 24, 1992, Seed filed Patent Cooperation Treaty ("PCT") Application No. PCT/JP92/00947 ("PCT application"). The PCT application was filed in the Japanese language.

15.    The claims of JP '371 and the PCT application are directed to a correction tape dispenser.

16.    On about March 13, 1993, Seed engaged the Kratz firm to prepare and prosecute the United States national phase of the PCT application directed to the subject matter claimed in the JP '371 and PCT applications. Attorneys who were responsible for the Seed files at various times included defendants Westerman, Armstrong, Kenehan, and Kong.

17.    On March 29, 1993, the Kratz firm filed United States Patent Application Serial No. 08/030,183 ("'183 application") on behalf of Seed. The '183 application was directed to the subject matter claimed in the JP '371 and PCT applications.

18.    On February 15, 1994, the Kratz firm filed United States Patent Application Serial No. 08/196,839 ("'839 application") on behalf of Seed, which was a continuation-in-part of the '183 patent application.

19.    On February 7, 1994, Christopher Stevens filed a patent application, which subsequently issued on February 28, 1995, as U.S. Patent No. 5,393,368 ("'Stevens patent"). The Stevens patent is directed to a correction tape dispenser.

20.    On May 9, 1997, the USPTO found that the claims of Seed's '839 application and those of the Stevens patent were not patentably distinct and accordingly declared an Interference proceeding to determine the relative priority of the subject matter of the '839 application and the Stevens patent. Seed's '839 patent application was accorded the benefit of the filing date of the '183 patent application, of which the '839 application was a continuation-in-part.

21.     Seed did not oppose Stevens's motion seeking to be granted the benefit of the February 10, 1993, filing date of an earlier-filed United Kingdom patent application by Stevens.

22.     On October 21, 1997, the Kratz firm filed, on behalf of Seed, a motion in the Interference asking the Board to grant the '839 application priority based upon the earlier filing dates of the PCT application and the JP '371 Japanese patent application. The Kratz firm filed an English language translation of the JP '371 Japanese patent application with the motion, but it did not file an English language translation of the PCT application.

23.     On June 25, 2002, the Board issued its ruling. With respect to Seed's motion to be accorded the priority of the earlier filing dates of the PCT application and the JP '371 Japanese patent application, the Board granted the motion in part, and denied it in part. The Board ruled that as to the PCT application, Seed's attorneys had violated 37 C.F.R. §§ 637(f) and 1.647, which require that when a motion is filed seeking the earlier priority date of an application that is not in English, the motion must be accompanied by a certified English language translation of the application. Since the Kratz firm had not filed a certified English language translation of the PCT application with its motion, the Board denied Seed the benefit of the PCT's earlier filing date. The Board went on to rule, however, that Seed was entitled to claim priority based upon the still earlier filing date of the JP '371 patent application, a translation of which had accompanied Seed's motion. Because the JP '371 patent application had a filing date before Stevens's UK application's filing date, the Board accorded priority to Seed. Consequently, Seed won the Interference. The owner of the Stevens patent appealed the Board's ruling to the Federal Circuit.

24.     On or about October 1, 2003, Westerman left the Kratz firm, together with Mr. Kong, and formed the Westerman firm. The Westerman firm, including Messrs. Westerman,

Kenehan and Kong, continued to represent Seed with respect to the '839 application and the Interference.

25.    In a letter dated January 14, 2004, the owner of the Stevens patent offered to settle the Interference by each party granting to the other a royalty-free, non-exclusive license, including the right to sublicense.

26.    On January 22, 2004, the Westerman firm incorrectly advised Seed in a letter from Westerman that even if Seed were to lose the pending Federal Circuit appeal, the patent application would thereafter "be returned to the Examiner" and Seed would be permitted to "add or amend claims."

27.    Seed, in reliance upon the Westerman firm's incorrect advice, decided not to accept the cross-license settlement offer.

28.    On May 4, 2004, the Federal Circuit issued an opinion affirming the Board in part and reversing in part. The Federal Circuit affirmed the Board's ruling that Seed was not entitled to the benefit of the priority date of the PCT application, but it reversed the ruling that Seed was entitled to the benefit of the earlier JP '371 Japanese application. The Federal Circuit agreed with Stevens that 35 U.S.C. § 119(a) precludes Seed from directly claiming the benefit of the JP '371 application because the JP '371 application was filed more than one year before the '183 application, of which the '839 application was a continuation-in-part. If Seed had been granted the benefit of the filing date of the PCT application, Seed would have ultimately prevailed in the Interference.

29.    On July 12, 2004, the owner of the Stevens patent renewed the offer to settle in exchange for mutual cross-licenses, omitting only the provision for granting sublicenses. Again,

Seed, in reliance upon the Westerman firm's incorrect advice, decided not to accept the cross-license settlement offer.

30.    By letter dated December 4, 2006, Westerman finally admitted that he and his firm had been "mistaken in thinking that the prosecution would reopen" if Seed lost the Federal Circuit appeal.  Instead, under 37 C.F.R. § 41.127(a)(2), "[a]dverse judgment against a claim is a final action of the [Patent] Office requiring no further action by the [Patent] Office to dispose of the claim permanently."  Contrary to Westerman's advice, the Manual of Patent Examining Procedure ("MPEP") § 2308.01 provides that, if no claim is allowed by the Board, "no further action is needed from the examiner" and "a notice of abandonment should be issued."

31.    Seed's licensees have ceased paying royalties to Seed under the terms of their licenses to sell the subject matter in Seed's pending United States patent applications.

32.    Plaintiff Seed and Defendants Westerman and Westerman firm entered a Tolling Agreement to toll the running of the statute of limitations on any claims for legal malpractice that Seed may have against defendants, or any of them, effective May 3, 2007.  The Tolling Agreements for Defendants Kratz Firm, Armstrong, Kong and Kenehan had an effective date of May 10, 2007.  Each Tolling Agreement expired by their own terms on December 31, 2007; however, they all included a provision that "[u]pon termination of the Agreement, any lawsuit commenced by Seed against the [defendants herein] shall, as to all claims preserved by this agreement, be considered timely commenced if a Complaint is filed with sixty (60) days following termination of the Agreement."

## COUNT I

33.    Plaintiffs adopt and incorporate by this reference the allegations of paragraphs 1-32, as if fully set forth herein.

34.    Defendants each formed an attorney-client relationship with plaintiffs, and accordingly, each owed plaintiffs a duty of care.

35.    The failure of Defendants to file a certified copy of an English language translation of the PCT application, in violation of 37 C.F.R. §§ 637(f) and 1.647, breached their respective duties of care, constituting legal malpractice.

36.    As a proximate consequence of the foregoing negligence, plaintiffs have been damaged in an amount to be proved at trial, but in any event not less than $75,000, exclusive of interest and costs.

37.    Defendants, and each of them, are liable to Seed for all damages so proven.

## COUNT II

38.    Plaintiffs adopt and incorporate by this reference the allegations of paragraphs 1-32, as if fully set forth herein.

39.    Defendants each formed an attorney-client relationship with plaintiffs, and accordingly, each owed plaintiffs a duty of care.

40.    The erroneous legal advice provided by Defendants that even if Seed lost the pending Federal Circuit appeal, the patent application would thereafter "be returned to the Examiner" and Seed would be permitted to "add or amend claims" (contrary to 37 C.F.R. § 41.127(a)(2) and MPEP § 2308.01) breached the duty of care owed by an attorney to a client, and therefore, constitutes legal malpractice.

41.    The erroneous legal advice provided by Defendants was the proximate cause of plaintiffs' loss of royalties that would have been earned had plaintiffs agreed to the settlement proposed by the owner of the Stevens patent, in that plaintiffs' decision not to accept the settlement proposal was made in reliance on the erroneous advice provided by Defendants.

42.    As a proximate consequence of Defendants' negligence, plaintiffs have been damaged in an amount to be proved at trial, but in any event not less than $75,000, exclusive of interest and costs.

43.    Defendants, and each of them, are liable to Seed for all damages so proven.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask that the Court:

1. Enter judgment in favor of Plaintiffs on Count I;

2. Enter judgment in favor of Plaintiffs on Count II;

3. Order that all attorney's fees paid by Plaintiffs to Defendants be disgorged and paid to Plaintiffs;

4. Award Plaintiffs damages in an amount to be proved at trial;

5. Award Plaintiffs their reasonable attorney's fees, costs, and expenses; and

6. Award Plaintiffs such other and further relief as this Court deems just and equitable.

### JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues so triable.

Dated: February 28, 2008                    Respectfully submitted,

_Creighton R. Magid_
Creighton R. Magid (D.C. Bar No. 476961)
DORSEY & WHITNEY LLP
1050 Connecticut Avenue, N.W., Suite 1250
Washington, D.C. 20036
Telephone: (202) 442-3555
Fax: (202) 442-3199
magid.chip@dorsey.com

Counsel For Plaintiffs
SEED COMPANY LIMITED and SHIGERU
TAMAI

OF COUNSEL:
Paul T. Meiklejohn
Curt R. Hineline
Mark S. Carlson
DORSEY & WHITNEY LLP
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: (206) 903-8800
Fax: (206) 903-8820

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

SEED COMPANY LTD., a Japanese limited liability company, and SHIGERU TAMAI, an individual

## DEFENDANTS

WILLIAM F. WESTERMAN, et al.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____ n/a _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Creighton R. Magid, Dorsey & Whitney LLP, 1050 Connecticut Avenue, NW, Suite 1250, Washington, D.C. 20036, (202) 442-3555

**ATTORNEYS (IF KNOWN)**

Don Hanson, Kratz, Quintos & Hanson, LLP, 1420 K Street, N.W., Suite 400, Washington, D.C. 20005
John H. Harman, Coggins, Harman & Hewitt, 8905 Fairview Road, Suite 600, Silver Spring, MD 20910,
Mark London, London & Mead, 1225 19th Street, N.W. Suite 320, Washington, D.C. 20036

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ◯ 1 U.S. Government Plaintiff
- ◯ 3 Federal Question (U.S. Government Not a Party)
- ◯ 2 U.S. Government Defendant
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◯ 1 | ◯ 1 | Incorporated or Principal Place of Business in This State | ◯ 4 | ◉ 4 |
| Citizen of Another State | ◯ 2 | ◯ 2 | Incorporated and Principal Place of Business in Another State | ◯ 5 | ◯ 5 |
| Citizen or Subject of a Foreign Country | ◉ 3 | ◯ 3 | Foreign Nation | ◯ 6 | ◯ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ◯ A. Antitrust
- ☐ 410 Antitrust

### ◯ B. Personal Injury/ Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ◯ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ◯ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

### ◉ E. General Civil (Other)  OR  ◯ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☒ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

*Legal Malpractice*

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** <br> ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)** <br><br> *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** <br> ☐ **890 Other Statutory Actions (if Privacy Act)** <br><br> *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** <br> ☐ **720 Labor/Mgmt. Relations** <br> ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** <br> ☐ **740 Labor Railway Act** <br> ☐ **790 Other Labor Litigation** <br> ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** <br> ☐ **443 Housing/Accommodations** <br> ☐ **444 Welfare** <br> ☐ **440 Other Civil Rights** <br> ☐ **445 American w/Disabilities-Employment** <br> ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** <br> ☐ **120 Marine** <br> ☐ **130 Miller Act** <br> ☐ **140 Negotiable Instrument** <br> ☐ **150 Recovery of Overpayment & Enforcement of Judgment** <br> ☐ **153 Recovery of Overpayment of Veteran's Benefits** <br> ☐ **160 Stockholder's Suits** <br> ☐ **190 Other Contracts** <br> ☐ **195 Contract Product Liability** <br> ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

## V. ORIGIN

⊙ **1 Original Proceeding**   ○ **2 Removed from State Court**   ○ **3 Remanded from Appellate Court**   ○ **4 Reinstated or Reopened**   ○ **5 Transferred from another district (specify)**   ○ **6 Multi district Litigation**   ○ **7 Appeal to District Judge from Mag. Judge**

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

This is an action for professional legal malpractice by the above-listed defendants during their litigation of Patent Interference No. 103,662.

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ [_____] Check YES only if demanded in compl:

JURY DEMAND: YES ☒ NO ☐

## VIII. RELATED CASE(S) IF ANY

(See instruction) YES ☒ NO ☐ If yes, please complete related case form.

DATE **2·28·08**   SIGNATURE OF ATTORNEY OF RECORD *(signature)*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.