UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEED COMPANY, LTD., et al,<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM F. WESTERMAN, et al.<br><br>Defendants. | Civil No. 1:08-cv-00355 (RMU) |

### WESTERMAN DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION REQUESTING THAT THE COURT STRIKE NEW MATERIAL SUBMITTED IN SUPPORT OF THE WESTERMAN DEFENDANTS' REPLY OR GRANT PLAINTIFFS LEAVE TO FILE A SUR-REPLY

In reply in support of their motion to dismiss, the Westerman Defendants[1] submitted a second declaration from Defendant William F. Westerman. Westerman's second declaration referred to a letter faxed to Defendants in April, 2003. In that letter, Plaintiffs' representative noted that the Board of Patent Appeals and Interferences had denied Seed's motion for reconsideration in a March 13, 2003 decision, and that the Board had ruled that Defendant attorneys failed to file a required English translation of the PCT Application:

> the problem was caused by the fact that though Tamai was required under CFR to file a translation of the PCT application along with the motion, Tamai did not do so. In other words, if only Tamai had filed said translation, the problem would not have happened.
> In this sense, the client considers that the problem was caused by a procedural mistake.[2]

---

[1] The Westerman Defendants are William F. Westerman; Westerman, Hattori, Daniels & Adrian, LLP; John Kong; and Ed Kenehan

[2] See Second Declaration of William F. Westerman at paragraphs 2,3, and attachment G to that Declaration. For ease of reference, the Second Declaration is attached as Exhibit 1

The Westerman Defendants filed the Second Declaration to clarify that Plaintiffs were not denying that they were aware by at least April, 2003, that the Defendant attorneys had made a potential "procedural error" by not filing an English translation of the PCT application.

On May 13, 2008, Plaintiffs filed Plaintiffs' Motion Requesting That the Court Strike New Material Submitted in Support of the Westerman Defendants' Reply or Grant Plaintiffs Leave to File a Sur-reply. Eight days later, on May 21, Plaintiffs filed their First Amended Complaint.

The Westerman Defendants understood that the filing of the First Amended Complaint had mooted Plaintiffs' Motion to Strike. Plaintiffs, however, have now filed a reply asking the Court to consider the motion as conceded. The Westerman Defendants have no objection to Plaintiffs filing a sur-reply, and note that because Defendants have been forced to re-file motions to dismiss the First Amended Complaint, Plaintiffs will have a chance to file a responsive pleading anyway, which is why the Westerman Defendants thought the motion was moot in the first place.

## CONCLUSION

The Westerman Defendants have no objection to Plaintiffs' filing a sur-reply addressing any allegedly "new" arguments raised in the Westerman Defendants' reply in support of their initial motion to dismiss.

Respectfully submitted,

Mark London
Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEED COMPANY, LTD., et al, <br><br> Plaintiffs <br><br> v. <br><br> WILLIAM F. WESTERMAN, et al. <br><br> Defendants. | Civil No. 1:08-cv-00355 (RMU) |

## SECOND DECLARATION OF WILLIAM F. WESTERMAN

I, William F. Westerman, declare as follows:

1. I am over 18 years of age and competent to testify about the matters in this Declaration from personal knowledge.

2. Attached to this declaration as Exhibit G is a letter that I received from Kenji Itami, a Japanese patent lawyer who was our primary contact with Plaintiffs. Mr. Itami had authority to speak for Plaintiffs, and I understood Exhibit G to be a statement by our clients. The letter has a date of April 4, 2002 in the upper right hand corner. That date contains a typographical error. It was really written in 2003, as the received stamp from our office reflects.

3, In the letter, Mr. Itami referred to the decision of the Board of Patent Appeals and Interferences issued March 13, 2003, denying our motion for reconsideration. In that decision, the Board held that the failure to file an English translation of the PCT Application meant that Plaintiffs were not entitled to the benefit of the date of the PCT Application in the interference. Mr. Itami's April, 2003 letter clearly reflects that Plaintiffs understood that the Board had ruled that we had made a procedural mistake by not filing an English translation of the PCT

Application. Mr. Itami wrote:

> the problem was caused by the fact that though Tamai was required under CFR to file a translation of the PCT application along with the motion, Tamai did not do so. In other words, if only Tamai had filed said translation, the problem would not have happened.
>
> In this sense, the client considers that the problem was caused by a procedural mistake.

4. I have reviewed the correspondence from our firm to Plaintiffs attached to the Declaration of Masatoshi Shintani filed in Plaintiffs' opposition to our Motion to Dismiss, or, in the Alternative, for Summary Judgment. That correspondence reflected our advice that Plaintiffs should not attempt to appeal the Board's decision in the interference proceeding. As we said in that correspondence, the Board had ruled in Seed's favor in the interference, meaning that Seed really did not have a viable option to appeal. The reason for this correspondence was that Seed realized that the Board had ruled that we had made a procedural mistake in failing to file an English translation of the PCT Application. Seed wanted to know whether we could appeal that aspect of the Board's ruling, because Seed feared the impact of that ruling in any subsequent patent litigation in the event that Seed received a U.S. patent. We advised that we did not believe that the Board's ruling that an English translation of the PCT Application was required was likely to affect subsequent patent litigation in the event that Seed received a U.S. patent. That is an entirely different issue from the question of likelihood of success if Stevens appealed the Board's ruling in Plaintiffs' favor. We advised Plaintiffs in writing that we estimated the chances of winning the appeal in the Federal Circuit at 60-80% after oral argument before the Federal Circuit.

5. Far from indicating that Plaintiffs were unaware of the harms that would flow from the Board's decision that an English translation of the PCT Application was required, the

- 2 -

correspondence attached to Plaintiffs' Opposition demonstrates that Plaintiffs were aware that the Board's decision related to the English translation issue was adverse to their interests.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 25, 2008.

_____
William F. Westerman

# Exhibit G
# to Second Declaration of William Westerman



# ITAMI PATENT OFFICE

DAISAN BLDG.
2-4, 3-CHOME, NISHITENMA, KITA-KU,
OSAKA, 530-0047, JAPAN

TELEPHONE:(06)6365-9078
FACSIMILE:(06)6365-8577
           (GII, GIII)
CABLE:ITAMIPAT
E-MAIL:
    itamipt@mua.biglobe.ne.jp

Law Offices
Armstrong, Westerman, Hattori,
McLeland & Naughton
Suite 1000, 1725 K Street, N.W.
Washington, D.C. 20006
U.S.A

April 4, 2002

VIA FACSIMILE



Att: Mr. Westerman:

Re : Patent Interference No. 103,662
U.S. Pat. Appln. S.N. 08/196,839
Your ref: P1151-2717-A9400941
Our ref: P-123/SE.90

Thank you for your facsimile letters of March 17, 2003, forwarding to us the Decision by the Board of Patent Appeals and Interferences, and your facsimile letter of March 21, 2003, conveying your analysis of the above decision.

First, please bear in mind that the captioned application is superlatively important to the client and the failure to obtain its patent would inevitably afford serious damages to the management of the client company.

Second, from the Decision mailed June 25, 2002 and the Decision mailed March 13, 2003, the problem was caused by the fact that though Tamai was required under CFR to file a translation of the PCT application along with the motion, Tamai did not do so. In other words, if only Tamai had filed said translation, the problem would not have happend.
 In this sense, the client considers that the problem was caused by a procedural mistake. In our opinion, whether or not it was caused by a procedural mistake should be decided on whether or not the procedure taken observed the law and regulations or practices accumulated in the USPTO.

Third, in your analysis dated March 21, essential part appears to perfectly drop out. What the client wishes to

ACKNOWLEDGED
DATE 4/4/03 MB
ARMSTRONG, WESTERMAN, HATTORI, LLP

Page 2

# ITAMI PATENT OFFICE

know at this stage is as below:

(a) Why such unfavorable decision was rendered, though you strongly recommended filing a Request for Reconsideration?

(b) You comment, "However, at this time, we do not recommend such an appeal (to CAFC)." What are reasons for not being able to recommend at this time?

(c) If an appeal is refrained from, what would happen in a possible lawsuit in the future?

As stated above, the importance of the captioned application is superlative and inestimable to the client. Thus, the client has an intention to further appeal to CAFC, if fatal inconveniences would happen in a future lawsuis and if such inconveniences could be eliminated by such an appeal. Your analysis also refers to a case of a future lawsuit, but unfortunately essential points as pointed out above that the client wants to know are not made clear. Please note that those are indispensable for the client to determine whether they should further rely upon a further appeal.

(d) If Stevens files an appeal, what inconveniences on the side of the client would likely happn?

(e) According to the both Decisions, the Boord denies priority for the PCT application. With your letter dated 12, 2002, there is mentioned, "The risk is that, if Stevens files a Request for Reconsideration and prevails at the Board, then that could potentially break the chain of priority between the JP '371 and the US '183 applications. While that may not happen, we believe that it is a risk and it is very important to address that risk at this time. Thus, we strongly recommend filing a Request for Reconsideration on this point."

How much is such risk? What are reasons you considered "While that may not happen"? We are worrying that Stevens may file an appeal in an attempt to break such chain. If appealed, the means left to us is only to repeat the same arguments as in Reconsideration?

And if not appealed by both parties, this problem would be carried forward in a lawsuit (infringement), for example?

Page 3

# ITAMI PATENT OFFICE

In such a case, would any disadvantage happen by refraining from an appeal at this time?

(f) You mention, "The appeal which is available to us is an appeal to the Federal circuit (CAFC). But, we understand that such appeal may also be available to a Federal District Court. In fact, you refer to a possible judgement of a Federal District Court in the last paragraph of your letter. Please explain merits or demerits between CAFC and DC, when an appeal is made.

At any rate, the client asks for much more information so that the client could determine whether the case should be further pursued or not.

In brief, please explain merits or demerits in each case where an appeal is filed or not filed, taking into a consideration a case where a lawsuit is raised in the future. Please also explain a chance of success when an appeal is lodged at this time.

We are looking forward to hearing from you soon.

Yours faithfully,

K. Itami

KI/ky