UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEED COMPANY, LTD., *et. al.*  *

    Plaintiffs  *

v.  *  Civil No.: 1:08-Cv-00355 (RMU)

WILLIAM F. WESTERMAN, *et. al.*  *

    Defendants  *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## KRATZ DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants Kratz, Quintos & Hanson, LLP, Armstrong, Kratz, Quintos, Hanson & Brooks, LLP, Armstrong, Westerman & Hattori, LLP, and Armstrong, Westerman, Hattori, McLeland & Naughton (collectively the "Kratz Defendants"), by counsel, move to dismiss plaintiffs' First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, the Kratz Defendants move for summary judgment.

In support of this motion, the Kratz Defendants' submit the attached Memorandum of Points and Authorities, and incorporate and respectfully refer the Court to the Motion to Dismiss, or in the alternative, for summary judgment, filed in response to the initial Complaint, as well as all supporting attachments and exhibits. The Kratz Defendants also incorporate and refer the Court to their Reply to plaintiffs' Opposition to Motion to Dismiss. Plaintiffs' Complaint failed to state a claim against the Kratz Defendants, and here, plaintiffs' First Amended Complaint also files to state a claim against the Kratz Defendants.

Respectfully submitted,

CARR MALONEY P.C.

By:   /s/
       Paul J. Maloney, #362533
       Michael J. Sepanik, #471594
       1615 L Street, N.W., Suite 500
       Washington, D.C. 20036
       (202) 310-5500 (telephone)
       (202) 310-5555 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEED COMPANY, LTD., *et. al.* | * |
| Plaintiffs | * |
| v. | *  Civil No.: 1:08-Cv-00355 (RMU) |
| WILLIAM F. WESTERMAN, *et. al.* | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### KRATZ DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The Kratz Defendants submit the following memorandum of points and authorities in support of its motion to dismiss, or in the alternative, for summary judgment.

### PROCEDURAL POSTURE AND SUPPLEMENTAL ARGUMENT

On April 14, 2008, the Kratz Defendants moved to dismiss plaintiffs' original Complaint. Plaintiffs opposed the motion, and the Kratz Defendants filed a Reply to Plaintiffs' Opposition to the Motion to Dismiss on May 16, 2008. Prior to a decision on the Motion to Dismiss, plaintiffs filed their First Amended Complaint.

The First Amended Complaint includes one additional allegation against James Armstrong, III (deceased), a former partner of the Kratz Defendants. Paragraphs 35 through 37 of the First Amended Complaint allege that Mr. Armstrong (and vicariously the Kratz entity) continued to advise and represent Seed Company after October 1, 2003. This allegation is based entirely on a May 21, 2005 e-mail message from Mr. Armstrong to the Itami Patent Office. *See*

First Amended Complaint, ¶ 35-37.[1] The additional factual allegations based on the May 21, 2005 e-mail message were included, nearly verbatim, in plaintiffs' Opposition to the Kratz Defendants' Motion to Dismiss. The Reply filed by the Kratz Defendants addresses the e-mail message itself, and the factual calisthenics plaintiffs applied to the language of the e-mail. Therefore, the additional factual allegations included in the First Amended Complaint have already been fully addressed.

Plaintiffs have never addressed the declaration[2] filed in support of the Kratz Defendants' Motion to Dismiss, nor have they filed any documents, declarations, or any other competent evidence to demonstrate that a dispute exists as to when plaintiffs' terminated their attorney-client relationship with the Kratz Defendants (with respect to the patent interference at issue or otherwise).

Fed. R. Civ. P. 56 mandates that in order to prevail, "a non-movant's opposition must contain more than unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts." *Banks v. District of Columbia*, 377 F. Supp.2d 85, 89 (D. D.C. 2005) *(internal quotations omitted)*; *Carter v. Greenspan*, 304 F. Supp.2d 13, 21 (D. D.C. 2004). Likewise, "wholly conclusory statements for which no supporting evidence is offered need not be taken as true for summary judgment purposes." *See id.*

Plaintiffs' naked assertion that they maintained an attorney-client relationship with the Kratz defendants subsequent to October 1, 2003 is unsupported by any documents, sworn

---

[1] The First Amended Complaint adds two "Contingent" Counts directed at the Kratz Defendants based on the May 21, 2005 e-mail message, stated as legal malpractice or other negligence. *See* First Amended Complaint, at Counts III and IV.

[2] The Kratz Defendants attach an Amended Declaration by Donald Hanson as Exhibit 1 to this Motion, which reflects the results of a comprehnsive and exhaustive search of the Kratz Defendants' records.

testimony, or other evidence. The sole document that plaintiffs purport to base their allegations upon-- the May 21, 2005 e-mail message--contains language that plainly supports the opposite conclusion, even when read in a light most favorable to the plaintiffs. As noted in the Kratz Defendants' Reply briefing, Mr. Armstrong's words are direct and clear, and plaintiffs' strained attempt to misconstrue them falls flat, and does not establish a factual dispute.

For the reasons set forth above, and those set forth in the Kratz Defendants' prior Motion to Dismiss, or in the alternative for summary judgment, and their Reply briefing, the Kratz Defendants respectfully request that plaintiffs' claims against the Kratz Defendants be dismissed in their entirety. A proposed Order is attached as Exhibit 2.

Respectfully submitted,

CARR MALONEY P.C.

By:    /s/
Paul J. Maloney, #362533
Michael J. Sepanik, #471594
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Kratz Defendants' Motion to Dismiss First Amended Complaint, or in the alternative, for summary judgment, was electronically served, this 5th day of June, 2008, upon:

> Creighton R. Magid, Esquire
> Dorsey & Whitney LLP
> 1050 Connecticut Avenue, N.W.
> Suite 1250
> Washington, D.C. 20036
>
> Paul T. Meiklejohn, Esquire
> Curt R. Hineline, Esquire
> Mark S. Carlson, Esquire
> Dorsey & Whitney LLP
> U.S. Bank Centre
> 1420 Fifth Avenue, Suite 3400
> Seattle, Washington 98101-4010
>
> Christopher Mead, Esquire
> Mark London, Esquire
> London & Mead
> 1225 19th Street, N.W.
> Suite 320
> Washington, D.C. 20036
>
>
> /s/ _____
> Michael J. Sepanik

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SEED COMPANY, LTD., *et. al.* | * | |
| Plaintiffs | * | |
| v. | * | Civil No.: 1:08-Cv-00355 (RMU) |
| WILLIAM F. WESTERMAN, *et. al.* | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED DECLARATION OF DONALD HANSON

I, Donald Hanson, Esquire, individually and as a partner in the law firm of Kratz, Quintos & Hanson, LLP, declare as follows:

1. I am over the age of 18 and competent to testify regarding the matters in this Declaration from personal knowledge.

2. I was first admitted to practice law in 1974, and I am currently licensed to practice law in the District of Columbia. I am a partner in the law firm of Kratz, Quintos & Hanson, LLP. There were several predecessor firms to Kratz, Quintos & Hanson, LLP, including Armstrong, Kratz, Quintos, Hanson & Brooks, LLP, Armstrong, Westerman & Hattori, LLP, and Armstrong, Westerman, Hattori, McLeland & Naughton.

3. William Westerman, John Kong, and Ed Kenehan (among other attorneys) were formerly attorneys with predecessor firms to Kratz, Quintos & Hanson, LLP. On October 1, 2003, Westerman, Kong and Kenehan severed their professional association with our firm and

formed the firm of Westerman, Hattori, Daniels and Adrian, LLP (collectively "Westerman Defendants"). When the Westerman Defendants began their new firm, Plaintiffs decided to maintain their attorney-client relationship with the Westerman Defendants. After October 1, 2003, Plaintiffs no longer utilized the professional services of, nor maintained an attorney-client relationship with, Kratz, Quintos & Hanson, LLP (or any of our predecessor firms). This remained the case until January of 2008, when Seed Company retained the services of Kratz, Quintos & Hanson to prosecute a patent application before the Untied States Patent and Trademark Office. I have conducted an exhaustive search of my firm's records and the only two matters handled on behalf of either Seed Company Limited or Tamai between 1990 and the present were the patent prosecution at issue in this litigation and the January 2008 assignment.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE CONTENTS OF THE FOREGOING DECLARATION ARE TRUE AND ACCURATE.

_June 5, 2008_
Date

Donald Hanson, Esquire, individually and as a partner of the firm of Katz, Quintos & Hanson, LLP, and predecessor firms Armstrong, Kratz, Quintos, Hanson & Brooks, LLP, Armstrong, Westerman & Hattori, LLP, and Armstrong, Westerman, Hattori, McLeland & Naughton.

2

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEED COMPANY, LTD., *et. al.*       *
                                    *
    Plaintiffs               *
                                    *
v.                                  *    Civil No.: 1:08-Cv-00355 (RMU)
                                    *
WILLIAM F. WESTERMAN, *et. al.*     *
                                    *
    Defendants               *
                                    *
* * * * * * * * * * * * * * * * * * *

## O R D E R

UPON CONSIDERATION of the Kratz Defendants' motion to dismiss First Amended Complaint, or in the alternative, for summary judgment, and any opposition thereto, it is this ___ day of _____, 2008

ORDERED, that the Motion is GRANTED; and it is further,

ORDERED, that judgment is entered in favor of Kratz, Quintos & Hanson, LLP, Armstrong, Kratz, Quintos, Hanson & Brooks, LLP, Armstrong, Westerman & Hattori, LLP, and Armstrong, Westerman, Hattori, McLeland & Naughton on all counts of plaintiffs' complaint.

                                                    Hon. Ricardo Urbina

cc: counsel of record