## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**SEED COMPANY, LTD., et al,**

**Plaintiffs**

**v.**

**WILLIAM F. WESTERMAN, et al.**

**Defendants.**

**Civil No. 1:08-cv-00355 (RMU)**

## REPLY IN SUPPORT OF
## WESTERMAN DEFENDANTS' MOTION TO DISMISS FIRST
## AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, FOR SUMMARY
## JUDGMENT, ON STATUTE OF LIMITATIONS AND CAUSATION GROUNDS

Plaintiffs allege that they turned down two settlement offers based on allegedly negligent legal advice. The First Amended Complaint failed to describe the actual substance of the settlement offers, both of which required Seed to license, royalty free, its world-wide patent portfolio for all "sideways tape dispensers." Plaintiffs could only have lost money as a result of turning down the settlement offers if the value of the Stevens patent licenses offered <u>exceeded the value of the licenses that Seed would have had to provide in return</u>. In their opposition, Plaintiffs have not committed that they can allege this crucial fact. Instead, Plaintiffs argue that general allegations of proximate cause are sufficient to make out a "plausible" claim for damages.

That is not the law. As this Court has recognized, "[w]hile many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." *Bouknight v. District of Columbia*, 2008 U.S. District LEXIS 17678, *6-7 (D.D.C. March 10, 2008)(Urbina, J.), citing

*Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004).

The Westerman Defendants[1] believe that Plaintiffs' damages are inherently speculative. Plaintiffs apparently hoped to recover royalty revenue from the patent rights at issue in the interference proceeding, but both settlement offers gave Stevens the right to license Plaintiffs' U.S. patent rights free of charge, making the value of Plaintiffs' royalty stream difficult to predict. Further, the value of an unlimited, royalty-free license for all of Seed's world-wide patent rights on "sideways tape dispensers" is also exceedingly difficult to predict. Plaintiffs have not pled any facts to demonstrate that the value of the U.S. rights offered in settlement exceeded the value of the royalty-free licenses for its world-wide patent portfolio on "sideways tape dispensers" that Seed would have had to provide in return.

The Westerman Defendants contend that Plaintiffs' counsel cannot explicitly allege the necessary factual predicate for actual damages consistent with their Rule 11 obligations. Before the parties spend hundreds of thousands of dollars in discovery, Plaintiffs should be put to this simple test.

---

[1] The "Westerman Defendants" are William F. Westerman; Westerman, Hattori, Daniels & Adrian, LLP; John Kong; and Ed Kenehan.

**CONCLUSION**

For the foregoing reasons, this Court should dismiss all claims against the Westerman

Defendants.

Respectfully submitted,

_____

Mark London
Christopher B. Mead
London & Mead
1225 19th Street, N.W., Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Defendants William F. Westerman;
Westerman, Hattori, Daniels & Adrian, LLP; John
Kong; and Ed Kenehan