## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SEED COMPANY, LTD., *et. al.*          \*
                             \*

     Plaintiffs          \*
                             \*

v.          \*          Civil No.: 1:08-Cv-00355 (RMU)
                             \*

WILLIAM F. WESTERMAN, *et. al.*          \*
                             \*

     Defendants          \*
                             \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### KRATZ DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The Kratz Defendants, in reply to the arguments set forth in Plaintiffs' Opposition to their Motion to Dismiss First Amended Complaint, or in the alternative, for Summary Judgment, incorporate and refer to their Reply to plaintiffs' Opposition to Motion to Dismiss directed toward plaintiffs' Complaint as if fully set forth herein, and state as follows:

### I.    INTRODUCTION

Plaintiffs have submitted three rounds of affidavits by attorneys employed by Dorsey and Whitney, as well as by Masatoshi Shintani, and they still fail to demonstrate that a dispute exists as to when plaintiffs' terminated their attorney-client relationship with the Kratz Defendants with respect to the patent interference at issue. In addition, despite the volume of affidavits and supporting exhibits filed by plaintiffs against all defendants in this matter, they fail to offer any evidence that the Kratz Defendants represented plaintiffs at the time of the May 21, 2005 email to which plaintiffs assign such great significance.

Two facts are unrefuted: (1) as of October 1, 2003, Plaintiffs terminated the Kratz Defendants with respect to the interference matter at issue; and (2) plaintiffs were provided definite notice of injury when the fatal Federal Circuit decision was transmitted to their attention, via facsimile, on May 5, 2004. Based upon those two dates, dismissal of the Kratz Defendants is warranted as a matter of law at this time.

## II.    **ARGUMENT**

Plaintiffs' assertion that they maintained an attorney-client relationship with the Kratz defendants subsequent to October 1, 2003 is unsupported by any documents, sworn testimony, or other evidence. Plaintiffs point to the most recent declaration by Masatoshi Shintani (dated June 24, 2008) to argue that an ethereal attorney-client relationship remained between plaintiffs and the Kratz Defendants after plaintiffs terminated the Kratz Defendants in October of 2003. *See* Declaration of Masatoshi Shintani, dated June 24, 2008, attached to Plaintiffs' Opposition to Kratz Defendants' Motion to Dismiss Amended Complaint (no exhibit number assigned). The language of the June 24, 2008 Shintani declaration speaks volumes as to which attorneys plaintiffs continued to employ after October 1, 2003. The only legal matter identified is the interference matter at issue in the present case, and the affidavit clearly states that the Westerman Defendants continued as counsel in that matter. *See id.* at ¶ 3. While the declaration makes the unsupported claim that Seed continued to regard the Armstrong firm as counsel for "all other intellectual property matters", it fails to identify a single other intellectual property matter where it retained the Kratz Defendants between October 1, 2003 and the date of the May 21, 2005 email from James Armstrong, III. Thus, the declaration does not set forth actual facts to contradict the amended declaration filed by Donald Hanson.

Once again, despite the general "regard" plaintiffs claimed to have felt toward the Kratz Defendants, it is directly contradicted by their termination of the Kratz Defendants in October of

2003. In addition, plaintiffs cannot identify a single other matter where they retained the Kratz Defendants in the relevant time period, nor any specific facts supporting a more generalized attorney-client relationship. An attorney-client relationship is established only when both sides are aware of, and agree to, the relationship. Here, there is no evidence to support the re-formation of the relationship during the relevant time period.

Plaintiffs attempt to oppose summary judgment by interjecting a third declaration by one of their attorneys at Dorsey and Whitney. *See* Declaration of Mark S. Carlson, dated June 26, 2008, attached to plaintiffs Opposition to Kratz Defendants' Motion to Dismiss Amended Complaint (no exhibit number assigned). Mark Carlson's declaration does not create an issue of disputed fact, as it is a self-serving statement by one of plaintiffs' attorneys. Even if it were considered by this Court, however, the declaration once again demonstrates that plaintiffs can point to no other matters where the Kratz Defendants represented plaintiffs after October 1, 2003. Carlson's declaration identifies a patent issued to plaintiffs on January 10, 1995, which involves a substantially similar product[1] to the one at issue in the underlying patent interference matter. In addition, the patent issued in January of 1995, and plaintiffs do not identify any further services provided by the Kratz Defendants to the plaintiffs with respect to that patent. Plaintiffs, however, continue their efforts at sleight-of-hand references to the Court, as plaintiffs claim that the patent at issue remained with the Kratz Defendants, when in fact it concluded in 1995 with issuance. In addition, even more striking, plaintiffs aver in Footnote 14 of their Opposition that the Kratz Defendants "may have paid a maintenance fee on [the] patent on behalf of plaintiffs as late as June 30, 2006." This does not create an issue of fact, especially when the supporting PTO

---

[1] Although not a material fact, the "O-Ring" patent referenced by the plaintiffs involves a similar product and was part of the same assignment when the matter was initially referred to the Defendants. Once again, as the patent issued in 1995- ten years before the Armstrong email at issue- it does not create an issue of material fact even when considered in a light most favorable to the plaintiffs.

documents referenced by plaintiffs list a firm unrelated to the Kratz Defendants- Armstrong and Kubovcik- as "address for fee purposes."

Plaintiffs' Opposition relies heavily on a May 21, 2005 e-mail message from James Armstrong, III, who was a Kratz Defendants' partner at the time of the e-mail message. As there is no question that the representation for this patent interference matter at issue terminated, the language of the e-mail message, and even the fact of its existence, is not relevant to the motion to dismiss. However, assuming that the e-mail message were relevant— and even when considered in a light most favorable to the plaintiffs—the language at issue encourages plaintiffs to demand redress. Despite plaintiffs' repeated attempts to infer non-existent detail into the language of the email, the e-mail message is clear and direct. The email indicates, not once, but twice: "The case is ripe for immediately demanding a substantial monetary settlement" and "Now the time is ripe to make a demand." The email also refers to a "loss of right" that resulted from the Federal Circuit decision of May 2004. Finally, it should be noted that the final sentence of the e-mail message is clear in that there was no continued attorney-client relationship between Plaintiffs and the Kratz Defendants: "I will be pleased to answer any further questions your client may have." (emphasis added). Based on the October 1, 2003 termination of the Kratz Defendants, Plaintiffs' claim is barred by the three year statute of limitations.

Moreover, plaintiffs definitively knew of their injury as of May 5, 2004. The May 3, 2004 decision by the Federal Circuit Court of Appeals reversed the Board's ruling, which ended the interference proceeding in favor of plaintiffs' competitor (Stevens). A May 5, 2004 facsimile from the Westerman Defendants notified plaintiffs of the loss in the Federal Circuit, and the first line reads: "We are very disappointed with the Federal Circuit Decision."As plead in the Amended Complaint, the tolling agreement for the Kratz defendants had an effective date of May 10, 2007, thus outside of the three year statute of limitations. The May 5, 2004 facsimile provided notice to

plaintiffs three years and five days prior to the tolling of the statute of limitations, and thus, the statute of limitations was not met with respect to the Kratz Defendants. The Kratz Defendants respectfully request dismissal at this time.

Respectfully submitted,

CARR MALONEY P.C.

By:     /s/
        Paul J. Maloney, #362533
        Michael J. Sepanik, #471594
        1615 L Street, N.W., Suite 500
        Washington, D.C. 20036
        (202) 310-5500 (Telephone)
        (202) 310-5555 (Facsimile)
        pjm@carrmaloney.com
        mjs@carrmaloney.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the ***Kratz Defendants' Reply to Plaintiffs' Opposition to Motion to Dismiss First Amended Complaint, Or In The Alternative, For Summary Judgment***, was electronically served, this 2nd day of July 2008, upon:

Creighton R. Magid, Esquire
Dorsey & Whitney LLP
1050 Connecticut Avenue, N.W.
Suite 1250
Washington, D.C.  20036

Paul T. Meiklejohn, Esquire
Curt R. Hineline, Esquire
Mark S. Carlson, Esquire
Dorsey & Whitney LLP
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, Washington  98101-4010

Christopher Mead, Esquire
Mark London, Esquire
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036


/s/_____
Michael J. Sepanik
mjs@carrmaloney.com