UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEED COMPANY, LTD. and SHIGERU TAMAI<br><br>    Plaintiffs<br><br>v.<br><br>WILLIAM F. WESTERMAN, et al.<br><br>    Defendants. | CASE NUMBER 1:08-CV-00355-RMU |

**PLAINTIFFS' AND DEFENDANTS' JOINT REPORT PURSUANT TO LCVR 16.3(d) REGARDING RULE 26(f) CONFERENCE AND DISCOVERY PLAN**

Counsel for Plaintiffs and all Defendants met on July 30, 2008 pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3 to discuss the matters set forth in the foregoing rules. Due to scheduling conflicts on the part of certain Parties and their counsel, the Parties jointly moved the Court for leave to file this report and discovery plan on August 29, 2008.

**A.  DISPUTE AS TO TIMING OF THE CONFERENCE AND DISCOVERY**

As an initial matter, the parties disputed whether it is permissible to conduct the Rule 26(f) discovery conference, file this Report, and commence discovery when (1) the Court has not yet entered a scheduling order; and (2) motions pursuant to Rule 12(b) are pending. Defendants' position is that the Rule 26(f) discovery conference and the filing of this report are premature. However, the parties have agreed to resolve their differences over the timing issues through their agreement that discovery shall not commence until the disposition of the pending motions under Rule 12(b).

B. **MATTERS TO BE DISCUSSED PURSUANT TO LCvR 16.3(d)**

    1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

        a.    **Plaintiffs' Position**

Plaintiffs believe that it is unlikely that the defendants' pending Rule 12(b) motions will be granted. Plaintiffs anticipate filing a motion for partial summary judgment on the issue of liability after discovery has commenced, but even if granted, the issue of damages will remain for trial. Consequently, plaintiffs believe that it is unlikely that this case will be entirely resolved by dispositive motions. In order to avoid expensive motion practice, plaintiffs do not oppose defendants' request that discovery and other matters should not commence until after this Court rules on the pending Rule 12(b) motions.

        b.    **Defendants' Position**

Defendants' agree with Plaintiffs' position that "discovery and other matters should not commence until after this rules on the pending Rule 12(b) motions." Defendants believe that in the event the pending motions are not granted, they will return to this Court with meritorious summary judgment motions after the close of discovery on issues relating to both liability and damages.

    2.    The date by which any other parties shall be joined or the pleadings amended and whether some or all the factual and legal issues can be agreed or narrowed.

The parties agree that the deadline for joining additional parties or amending pleadings shall be 120 days from the date that the Court rules on the pending Rule 12(b) motions. The parties do not believe that, at this time (prior to the commencement of any discovery), any factual or legal issues may be narrowed or eliminated by agreement.

3. Whether the case should be assigned to a Magistrate Judge for all purposes, including trial.

The parties do not believe that the case should be assigned to a Magistrate Judge for any purpose.

4. Whether there is a realistic possibility of settling the case.

**Plaintiffs' Position**: *See* matter number 5, below.

**Defendants' Position**: Defendants do not endorse the detailed scenario set out below. They believe that once the Plaintiffs are able to understand a sober analysis of the liability and facts of this matter, either through their own or a third party mediator (assuming that this case is not dismissed at the current stage), then there will be a realistic possibility of settling the case.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**Plaintiffs' Position**: Counsel have discussed alternative dispute resolution, and they agree that this case might benefit from alternative dispute resolution procedures. In particular, the Parties agree that a mediation may be beneficial. There is a significant obstacle to settlement, however, that the parties request the Court's assistance in removing.

The defendants in this case fall into two groups: the Kratz Defendants and the Westerman Defendants. The Kratz Defendants are insured by General Star. The Westerman Defendants are insured by Minnesota Lawyers Mutual. Minnesota Lawyers Mutual has denied coverage, and on June 11, 2007 filed a declaratory judgment action in this court seeking a declaration that there is no coverage for any negligence by the Westerman defendants (*Minnesota Lawyers Mutual Insurance Co. v. Westerman, Hattori, Daniels & Adrian, LLP*, Case No. 1:07-cv-01038). The Minnesota Lawyers Mutual declaratory judgment case was assigned to

this Court. In a Minute Order dated November 1, 2007, this Court ordered the parties to arbitration, and stayed the declaratory judgment action. In the intervening ***nine months***, however, the parties herein understand that there has been no progress towards appointing arbitrators or movement toward an arbitration. The parties herein do not believe that it is likely that alternative dispute resolution can be fruitful in this case until the issue of whether the Westerman Defendants have insurance coverage is resolved in the arbitration.

Therefore, the parties herein respectfully request that this Court schedule a status conference in the Minnesota Lawyers Mutual declaratory judgment case to determine the progress that has been made towards an arbitration. The parties hereto also request that the Court enter an order in that case setting a deadline for completion of the arbitration.

**Defendants' Position**: Defendants believe that a decision on the insurance coverage issues would be helpful in any settlement discussions. However, they are not editorializing about the pace of the coverage actions, nor asking the Court to participate in the process.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Plaintiffs' Position**: Plaintiffs believe that a motion for partial summary judgment on the issue of liability can resolve part of this case, and that this motion should be filed after the parties have had an opportunity to engage in some discovery.

**Defendants' Position**: As stated, Defendants believe that this case should be disposed of in their favor at the summary judgment stage if it has not been dismissed prior to that time.

7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties do not believe that initial disclosures should be dispensed with. Initial disclosures should be due 45 days after the date that this Court rules on the pending Rule 12(b) motions.

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties do not believe that there should be any limit on discovery, other than those already imposed by the Federal Rules of Civil Procedure and the Local Rules. The parties believe that a protective order is appropriate. The parties intend to file with the Court a proposed agreed Protective Order after the pending motions are resolved.

a. **Plaintiffs' Position.**

Plaintiffs believe that the fact discovery cutoff should be 180 days after the date that this Court rules on the pending Rule 12(b) motions, including answers to interrogatories, document production, requests for admissions, and fact depositions.

b. **Defendants' Position.**

Defendants believe that they need 270 days, as some discovery may be taking place in Japan or the State of Washington.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

a. **Plaintiffs' Position.**

Plaintiffs believe that for any issue on which expert testimony will be proffered, the party who bears the burden of proof on the issue should file an opening expert report 210 days after the

date that this Court rules on the pending Rule 12(b) motions. Rebuttal expert reports may be filed 240 days after the date that this Court rules on the pending Rule 12(b) motions. Expert depositions should be completed, and expert discovery closed, 270 days after the date that this Court rules on the pending Rule 12(b) motions.

    **b.**  **Defendants' Position.**

**b.**  **Defendants' Position.**

Defendants believe that the above deadlines should be 300, 330 and 360 days after the date that this Court rules on the pending Rule 12(b) motions, respectively, as some discovery may be taking place in Japan or the State of Washington.

  10.  In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

This case is not a class action, so this matter was not discussed.

  11.  Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties agree that neither the trial nor discovery should be bifurcated or managed in phases.

  12.  The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

    **a.**  **Plaintiffs' Position.**

Plaintiffs believe that the pretrial conference should be held 330 days after the date that this Court rules on the pending Rule 12(b) motions.

b. **Defendants' Position.**

Defendants believe that the pretrial conference should be 420 days after the date that this Court rules on the pending Rule 12(b) motions, as some discovery may be taking place in Japan or the State of Washington.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the conference.

The parties agree that the Court should set a firm trial date at the scheduling conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

*See* Plaintiffs' Proposed Scheduling Order, attached hereto as Exhibit A, and Defendants' Proposed Scheduling Order, attached hereto as Exhibit B.

All of the undersigned Parties agree and consent to this Report.

DATED:  August 29, 2008          Respectfully submitted,

/s/ James Howard, Esq.
James Howard, Esq.
DORSEY & WHITNEY LLP
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone:  (206) 903-8800
Fax:  (206) 903-8820

Counsel For Plaintiffs
SEED COMPANY LIMITED and SHIGERU TAMAI

OF COUNSEL:
Paul T. Meiklejohn
Curt R. Hineline
Mark S. Carlson
DORSEY & WHITNEY LLP
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone:  (206) 903-8800
Fax:  (206) 903-8820

THE WESTERMAN DEFENDANTS

DATED:  August 29, 2008          by    /s/ Mark London, Esq.
                                                                                Its    Attorney

THE KRATZ DEFENDANTS

DATED:  August 29, 2008          by    /s/ Michael Sepanik, Esq.
                                                                                his    Attorney

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEED COMPANY, LTD. and SHIGERU TAMAI )
)
)
Plaintiffs )
)  CASE NUMBER 1:08-CV-00355-RMU
v. )
)
WILLIAM F. WESTERMAN, et al. )
)
Defendants. )

## PLAINTIFFS' PROPOSED SCHEDULING ORDER

| Initial disclosures | Fourty-five (45) days after Court rules on the pending Rule 12(b) motions. |
|---|---|
| Deadline to join additional parties and amend pleadings | One hundred and twenty (120) days after this Court rules on the pending Rule 12(b) motions. |
| Fact discovery cutoff | One hundred and eighty (180) days after this Court rules on the pending Rule 12(b) motions. |
| Opening expert reports | Two hundred and ten (210) days after this Court rules on the pending Rule 12(b) motions. |
| Rebuttal expert reports | Two hundred and forty (240) days after this Court rules on the pending Rule 12(b) motions. |
| Expert discovery cutoff | Two hundred and seventy (270) days after this Court rules on the pending Rule 12(b) motions. |
| Pretrial conference | Three hundred and thirty (330) days after this Court rules on the pending Rule 12(b) motions. |
| Trial | Thirty to sixty (30-60) days after the pretrial conference. |

DATED: August 29, 2008                    Respectfully submitted,


                                          /s/ James Howard, Esq.
                                          James Howard, Esq.
                                          DORSEY & WHITNEY LLP
                                          U.S. Bank Centre
                                          1420 Fifth Avenue, Suite 3400
                                          Seattle, WA 98101-4010
                                          Telephone: (206) 903-8800
                                          Fax: (206) 903-8820

                                          Counsel For Plaintiffs
                                          SEED COMPANY LIMITED and SHIGERU
                                          TAMAI

OF COUNSEL:
Paul T. Meiklejohn
Curt R. Hineline
Mark S. Carlson
DORSEY & WHITNEY LLP
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: (206) 903-8800
Fax: (206) 903-8820

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEED COMPANY, LTD. and SHIGERU TAMAI

        Plaintiffs

v.

WILLIAM F. WESTERMAN, et al.

        Defendants.

CASE NUMBER 1:08-CV-00355-RMU

## DEFENDANTS' PROPOSED SCHEDULING ORDER

| | |
|---|---|
| Initial disclosures | Forty-five (45) days after Court rules on the pending Rule 12(b) motions. |
| Deadline to join additional parties and amend pleadings | One hundred and twenty (120) days after this Court rules on the pending Rule 12(b) motions. |
| Fact discovery cutoff | Two hundred and seventy (270) days after this Court rules on the pending Rule 12(b) motions. |
| Opening expert reports | Three hundred (300) days after this Court rules on the pending Rule 12(b) motions. |
| Rebuttal expert reports | Three hundred and thirty (330) days after this Court rules on the pending Rule 12(b) motions. |
| Expert discovery cutoff | Three hundred and sixty (360) days after this Court rules on the pending Rule 12(b) motions. |
| Pretrial conference | Four hundred and twenty (420) days after this Court rules on the pending Rule 12(b) motions. |
| Trial | Thirty to sixty (30-60) days after the pretrial conference. |

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| LONDON & MEAD | CARR MALONEY P.C. |
| By: _____/S/_____ | By: _____/S/_____ |
| Mark London, Esquire | Michael J. Sepanik, #471594 |
| 1225 19th Street, N.W., Suite 320 | 1615 L Street, N.W., Suite 500 |
| Washington, D.C. 20036 | Washington, D.C. 20036 |
| (202) 331-3334 (telephone) | (202) 310-5578 (telephone) |
| (202) 785-4280 (facsimile) | (202) 310-5555 (facsimile) |